IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORVELL HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-1039-GPM |
| ) | |
| TERRY REED, WARDEN BRADLEY J. ) | |
| ROBERT, and ASSISTANT WARDEN ) | |
| FLAGG, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Mr. Corvell Hampton, currently incarcerated at Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

In his amended complaint (Doc. 11), Plaintiff claims that Defendant Terry Reed, a correctional officer at Centralia Correctional Center where Plaintiff was formerly incarcerated, assaulted him on October 10, 2011. After handcuffing Plaintiff, Defendant Reed allegedly dragged him into a cell and slammed the cell door into Plaintiff's head. Plaintiff also claims that on October 27, 2011, he received legal mail that had been opened and was missing a Central District of Illinois complaint form that should have been enclosed.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. As to Plaintiff's Eighth Amendment excessive force claim against Defendant Reed, the Court finds that Plaintiff has articulated a colorable federal cause of action.

However, as to Defendant Bradley J. Robert, Warden of Centralia Correctional Center,

Plaintiff states only that Defendant Robert failed "to look into this situation seriously." Plaintiff's only claim against Assistant Warden Flagg is that "went against me through all circumstances of relief." It appears from the grievances attached to his complaint that Plaintiff's claims against Defendants Robert and Flagg refer to the opened legal mail. Plaintiff fails to state a cognizable § 1983 claim here. Plaintiff fails to allege any actual injury from his opened mail and the missing complaint form, and any such allegation would be futile–as he clearly succeeded in bringing suit. *See Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Nitz v. Hall,* 2012 WL 3039127 at *2, No. 11-2421 (7th Cir. July 26, 2012) ("Because [plaintiff] never alleged that confiscation of legal materials hindered his ability bring suit against [defendants], the district court properly dismissed his denial-of-access claim."). Further, Plaintiff's claims against Defendants Robert and Flagg state only that they failed to adequately respond to his complaints. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but did not obtain the outcome he desired). Plaintiff's claim as against Defendants Robert and Flagg is therefore **DISMISSED with prejudice. This case shall proceed on Plaintiff's excessive force claim against Defendant Terry Reed only**.

      The Clerk of Court shall therefore prepare for Defendant Reed: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal

service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2) this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. 636(c), *should all the parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

DATED: August 28, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge